## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## EASTERN DIVISION

| | |
|---|---|
| PATTISON SAND COMPANY, LLC, | |
| Plaintiff, | No. 11-CV-1051-LRR |
| vs. | **ORDER** |
| FEDERAL MINE SAFETY AND HEALTH REVIEW COMMISSION and MINE SAFETY AND HEALTH ADMINISTRATION, | |
| Defendants. | |

_____

### I.  INTRODUCTION

The matter before the court is Plaintiff Pattison Sand Company, LLC's ("Pattison") "Motion for Temporary Restraining Order and Preliminary Injunction" ("Motion") (docket no. 11).

### II.  PARTIES

Pattison is an Iowa limited liability company and operates its principal place of business, namely a sand mine, in Clayton, Iowa.  The Pattison sand mine is regulated by the Federal Mine Safety and Health Act of 1977, 30 U.S.C. §§ 801-965.  Defendant Mine Safety and Health Administration ("MSHA"), which enforces the Act, is an agency within the United States Department of Labor and is subject to the jurisdiction of Defendant Federal Mine Safety Health Review Commission ("Commission").  The Commission is charged with reviewing MSHA enforcement actions.

### III.  RELEVANT BACKGROUND

On November 7, 2011, a Pattison employee was working in Pattison's mine when a roof fall, or "ground fall," occurred.  *See* Plaintiff's Memorandum in Support of the Motion ("Memorandum") (docket no. 11-1) at 2.  Approximately twenty to thirty tons of

the mine ceiling collapsed and landed partially on top of the scaling equipment the employee was using. This caused extensive damage to the equipment, but fortunately, the employee was not injured. On November 9, 2011, MSHA issued Citation No. 8659952 ("MSHA citation") for an alleged violation of the ground support use standard set forth in 30 C.F.R. § 57.3360. The MSHA citation alleged Pattison's ground control system was not adequately designed, installed and maintained. On that same date, MSHA issued Order No. 8659953 ("withdrawal order") under 30 U.S.C. § 813(k) based upon the roof fall accident. The purpose of the withdrawal order is to ensure the safety of persons in the mine and to prohibit all activity in certain portions of the mine "that are not bolted and meshed until an MSHA examination and/or investigation has determined that it is safe to resume mining operations in the area." Motion Exhibit 4 (docket no. 11-2).

On November 11, 2011, Pattison filed a motion for an emergency expedited hearing on the withdrawal order before an Administrative Law Judge ("ALJ"). MSHA subsequently amended the withdrawal order three times allowing Pattison to retrieve equipment needed for bolting, to begin the bolting and meshing process and to allow Pattison to go into prohibited areas of the mine to evaluate ground conditions with a certain number of personnel, for a limited amount of time and with a limited amount of equipment. However, MSHA declined Pattison's request to amend the withdrawal order to allow additional experts to enter the mine, evaluate conditions, install equipment and conduct tests.

On November 16, 2011, an ALJ convened a conference call with the parties and scheduled an expedited hearing, which was held in Washington, D.C., on November 18, 2011. At the end of the hearing, the parties agreed to expedited briefing, due only one week after receipt of the expedited transcript. On November 21, 2011, Pattison filed a motion for decision without briefing, which the Secretary of Labor resisted and the ALJ subsequently denied. On December 2, 2011, Pattison filed a Complaint (docket no. 1) in the instant action seeking a declaratory judgment and injunctive relief against MSHA and

against the Commission for violations of the Fifth Amendment and the Federal Mine and Health Safety Act of 1977.  On December 9, 2011, Pattison filed an emergency motion before the ALJ to modify the withdrawal order to permit its experts to enter the mine to evaluate conditions, install equipment and conduct tests.  The Secretary resisted.

On December 13, 2011, the ALJ entered an extensive Decision and Order addressing: (1) whether the MSHA citation is valid, as written, or should be vacated; (2) whether the withdrawal order is valid as written and modified, or should be vacated because no accident occurred; (3) whether the scope of the withdrawal order is unreasonable or an abuse of discretion; and (4) whether the Commission has authority to modify or limit the scope of the withdrawal order, and whether it should do so.  In the Decision and Order, the ALJ vacated the MSHA citation, finding that Pattison did not have notice that the ground control plan it was following, and that MSHA agreed to, was insufficient.  However, the ALJ affirmed the withdrawal order.  The ALJ found that the withdrawal order was validly issued, the scope of the withdrawal order was not an abuse of agency discretion and the Commission has no authority to modify a withdrawal order but only to vacate or affirm such an order.

On December 27, 2011, Pattison filed the Motion in the instant action.  In the Motion, Pattison moves the court "for temporary and preliminary injunctions prohibiting MSHA from utilizing [the withdrawal order] to prevent Pattison's essential personnel and experts from entering the underground portions of the [mine] pending the outcome of this lawsuit."  Motion at 1.  On December 29, 2011, Plaintiffs contacted the court and requested a hearing.  The court finds that a hearing is unnecessary.

## IV.  DISCUSSION

The Federal Mine and Health Safety Act of 1977, 30 U.S.C. §§ 801-965, establishes a detailed structure for administrative review.  An ALJ is appointed by the Commission to hear and decide disputes arising under the Act.  30 U.S.C. § 823(d)(1).  The decision of the ALJ becomes the final decision of the Commission after forty days

unless the Commission decides to review the decision. *Id.* Any person who is adversely affected by an ALJ decision may file and serve a petition for discretionary review by the Commission within thirty days. *Id.* at § 823(d)(2)(A)(i). Additionally, any person adversely affected by an order of the Commission may obtain review of that order in the United States court of appeals for the circuit in which the alleged violation occurred. 30 U.S.C. § 816(a)(1).

The Act narrowly authorizes district court jurisdiction. *See Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 209 (1994) ("The act expressly authorizes district court jurisdiction in only two provisions, §§ 818(a) and 820(j), which respectively empower the *Secretary* to enjoin habitual violations of health and safety standards and to coerce payment of civil penalties."). Additionally, district courts have jurisdiction over claims that are "wholly collateral to a statute's review provisions and outside the agency's expertise." *Id.* at 212 (internal marks omitted) (quoting *Heckler v. Ringer*, 466 U.S. 602, 618 (1984)).

In its Memorandum of Law in Support of the Motion, Pattison asserts the claims at issue are wholly collateral to the Act's review provisions and that a finding of preclusion could foreclose all meaningful review. *See* Memorandum at 12. However, the court disagrees with Pattison's contentions. The issues raised in the Motion are not collateral to the Act's administrative review process. In fact, the relief sought in the Motion is identical to the relief Pattison sought before the ALJ in its emergency motion to modify the withdrawal order to permit its experts to enter the mine to evaluate conditions, install equipment and conduct tests. Additionally, Pattison raises many of the same issues in the Motion as it raised before the ALJ in the emergency motion. However, Pattison has not cited any authority to support its contention that a United States district court has jurisdiction to alter or amend a withdrawal order. The court finds that the matters Pattison raises in the Motion, specifically a challenge to a withdrawal order under 30 U.S.C. § 813, are within the scope of the Commission's expertise. *See Thunder Basin*, 510 U.S. at 212. Consequently, the court does not have jurisdiction to consider the Motion.

## V.  CONCLUSION

In light of the foregoing, Pattison's Motion for Temporary Restraining Order and Preliminary Injunction (docket no. 11) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 30th day of December, 2011.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA