# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| PATTISON SAND COMPANY, LLC, | |
| Plaintiff, | No. 11-CV-1051-LRR |
| vs. | **ORDER** |
| FEDERAL MINE SAFETY AND HEALTH REVIEW COMMISSION and MINE SAFETY AND HEALTH ADMINISTRATION, | |
| Defendants. | |

The matter before the court is Plaintiff Pattison Sand Company, LLC's "Motion for Reconsideration or in the Alternative for Immediate Certification for Interlocutory Appeal" ("Motion") (docket no. 15), which Plaintiff filed on January 6, 2012. On January 20, 2012, Defendants Federal Mine Safety and Health Review Commission ("Commission") and Mine Safety and Health Administration ("MSHA") filed a Resistance (docket no. 17).

In the Motion, Plaintiff does not provide the court with any new law to support its position. Rather, Plaintiff rehashes the same argument that it raised in its Motion for Temporary Restraining Order and Preliminary Injunction (docket no. 11) and claims that the relief it seeks is collateral to the proceedings before the Commission. To support its position, Plaintiff submitted a citation that it received when it violated a 30 U.S.C. § 813(k) withdrawal order by allowing three mine employees to work in an area of the mine where the roof had not been bolted or meshed. *See* Exhibit A (docket no. 16-1). Plaintiff maintains that, because the citation indicates that injury or illness was not likely to result from the violation of the withdrawal order, "the [c]itation is direct evidence of MSHA's pattern and practice of issuing mine closure orders . . . when such orders are wholly unwarranted." *See* Supplement to Motion to Reconsider (docket no. 16) at 2.

As the court explained in its Order (docket no. 14) and as Defendants explain in the Resistance, the court does not have jurisdiction to provide the relief Plaintiff requests, namely, to modify a withdrawal order issued pursuant to 30 U.S.C. § 813(k). Consequently, the court declines to reconsider its Order denying Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction.

The court shall also deny Plaintiff's alternative request to certify the matters raised in its Motion for Temporary Restraining Order and Preliminary Injunction to the Eighth Circuit Court of Appeals. As Defendants correctly point out, Plaintiff may appeal the court's denial of a preliminary injunction without certification pursuant to 28 U.S.C. § 1292(a)(1). *See Grand River Enters. Six Nations, Ltd. v. Beebe*, 467 F.3d 698, 701 (8th Cir. 2006) (noting that a circuit court of appeals "[has] jurisdiction to review a district court's denial of a preliminary injunction motion under 28 U.S.C. § 1292(a)(1)").

Furthermore, the court finds it would be inappropriate to certify Plaintiff's request for a temporary restraining order to the Eighth Circuit Court of Appeals pursuant to 28 U.S.C. § 1292(b), which states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

The court is not of the opinion that its Order on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction involves a controlling question of law as to which there is substantial ground for difference of opinion. Consequently, the court shall deny Plaintiff's alternative request for "Immediate Certification for Interlocutory Appeal." Motion at 1.

For the foregoing reasons, Pattison's "Motion for Reconsideration or in the

Alternative for Immediate Certification for Interlocutory Appeal" (docket no. 15) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 23rd day of January, 2012.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA